**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES HARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 12-cv-08316 |
| vs. | ) | |
| | ) | Honorable Judge John J. Tharp, Jr. |
| | ) | Magistrate Judge Maria Valdez |
| TASSO J. KACHIROUBAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THE ISP DEFENDANTS' MOTION FOR
<u>REASSIGNMENT AND CONSOLIDATION OF RELATED CASES</u>**

Pursuant to Local Rule 40.4 and Federal Rule of Civil Procedure 42(a), defendants Tasso J. Kachiroubas, John Meduga and Richard Packert (the "ISP Defendants") move for (1) reassignment to this Court of four cases related to this one, and (2) consolidation of the cases for purposes of pre-trial proceedings.

<u>**Introduction**</u>

1.     This case is closely related to four others filed on the same day and pending before other judges in the Northern District.  On October 17, 2012, plaintiff James Harden filed this lawsuit alleging that he and four other men were wrongfully convicted for the 1991 rape and murder of Cateresa Matthews, a fourteen-year old Dixmoor girl.  Defendants are six Illinois State Police officers, three Dixmoor officers, the Village of Dixmoor, and "as yet unknown current and former employees" of the Illinois State Police and Dixmoor.  Plaintiff alleges that the "Defendant Officers" coerced confessions, suppressed exculpatory evidence, and failed to investigate other leads.  He asserts federal and state-law claims.

1

2.    The same day that Harden filed suit, his four co-defendants—Jonathan Barr, Robert Taylor, Robert Veal, and Shainne Sharp—filed their own wrongful conviction lawsuits in this district.    The five complaints are attached hereto as Exhibits A-E.[1]    They reflect a coordinated effort among plaintiffs' counsel:  they use the same words and phrases, include the same core factual allegations, and assert the same claims against the same defendants.

- **Same Allegations.**    Plaintiffs all allege that Willie Randolph raped and murdered Matthews.  They all allege that the defendant officers ignored or suppressed the evidence against Randolph; coerced confessions from Taylor, Veal, and Sharp (and tried to coerce confessions from Harden and Barr); fabricated a statement from a witness, Keno Barnes; and withheld exculpatory evidence.  They all allege that as a result of this purported misconduct, they were convicted for the crimes even though DNA evidence excluded them.  Plaintiffs were between the ages of 14 and 16 when Matthews was murdered and spent between 10 and 19 years in prison.

- **Same Claims.**    Plaintiffs all assert Section 1983 claims for violation of due process, failure to intervene, conspiracy, and supervisory liability, and they all assert state-law claims for malicious prosecution, intentional infliction of emotional distress, civil conspiracy, respondeat superior, and indemnification.  Taylor and Sharp also include separate counts alleging that their confessions were coerced in violation of the Fifth/Fourteenth Amendments.

- **Same Defendants.**    Plaintiffs are suing the same defendants:  Illinois State Police officers Kachiroubas, Meduga, Davis, Kizart, Garcia, and Packert; Dixmoor police officers Falica, Morgan, and Graves; the Village of Dixmoor; and "as yet unknown current or former employees" of the Illinois State Police and Dixmoor.

## Argument

3.    The five wrongful conviction lawsuits are "related" and should be handled by a single judge.  Because this Court has the earliest-numbered case, the others should be reassigned to this Court.  Then the cases should be consolidated for pre-trial proceedings.

4.    Local Rule 40.4 governs reassignment based on relatedness.  The rule states that cases are "related" if they "grow out of the same transaction or occurrence" or "involve *some* of

---

[1]  The five lawsuits are *Harden v. Kachiroubas* (No. 12-CV-08316, Tharp, J.), *Taylor v. Kachiroubas* (No. 12-CV-08321, Gottschall, J.), *Barr v. Kachiroubas* (No. 12-CV-08327, Castillo, J.), *Veal v. Kachiroubas* (No. 12-CV-08342, Lefkow, J.), and *Sharp v. Village of Dixmoor* (12-CV-08349, Gottschall, J.).

the same issues of fact or law." LR 40.4(a) (emphasis added). If cases pending in the Northern District are related, the higher-numbered cases may be re-assigned to the judge handing the earliest-numbered case if: (1) the handling of the cases by the same judge is "likely to result in substantial saving of judicial time and effort," (2) "the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially," and (3) "the cases are susceptible of disposition in a single proceeding." LR 40.4(b).

5.     For purposes of LR 40.4(a), the five wrongful conviction lawsuits are "related." The rule "does not require exact congruence in facts and issues between two cases in order for them to be related." *Helferich Patent Licensing, LLC v. N.Y. Times Co.*, No. 1:10–cv–04387, 2012 WL 1368193, at *2 (N.D. Ill. Apr. 19, 2012). "If some of the same issues of fact or law are common, that can be sufficient to establish relatedness." *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 06 C 4623, 2008 WL 1848142, at *3 (N.D. Ill. Apr. 23, 2008). Here, this requirement is easily satisfied because the cases include the same core factual allegations and assert the same legal claims against the same defendants. *See, e.g.*, *Freeman v. Bougusiewicz*, No. 03 C 2908, 2004 WL 1879045, at *2 (N.D. Ill. Aug. 11, 2004) (finding cases filed by different plaintiffs "related" because the defendants overlapped and the core allegations related to the same alleged misconduct); *Palomares v. Second Fed. Sav. & Loan Ass'n of Chicago*, No. 10-cv-6124, 2010 WL 4672295, at *3 (N.D. Ill. Nov. 10, 2010) (finding cases filed by different plaintiffs "related" because they asserted similar claims against the same defendant).

6.     In addition, all of the LR 40.4(b) requirements are satisfied. First, the handling of the cases by a single judge will likely save substantial judicial time and effort. The five wrongful conviction lawsuits are now pending before four different judges. Unless the cases are

3

reassigned to a single judge, four different judges may need to: (a) decide the same legal issues (for example, the scope of the officers' *Brady* obligations, the availability of statute of limitations defenses, and the applicability of various immunity doctrines); (b) decide the same discovery disputes (the core factual allegations are the same in each case, so the scope of discovery and the nature of any discovery disputes will be similar in each case); (c) oversee potentially lengthy trials involving the same witnesses and evidence; and (d) hold settlement conferences. Reassignment will help avoid this four-fold duplication of effort, substantially reducing the judicial workload on these cases. *See, e.g.*, *Pochert v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 11 C 2440, 2011 WL 4007731, at *3 (N.D. Ill. Sept. 9, 2011) (reassignment of cases involving common legal issues and overlapping discovery avoids "wasteful duplication" and results in "substantial savings in judicial time and effort"); *BP Corp. N. Am. Inc. v. N. Trust Investments, N.A.*, No. 08-cv-6029, 2009 WL 1684531, at *3 (N.D. Ill. Jun. 15, 2009) ("Discovery in these cases likely will be complex, and the court will preserve resources if only one judge, rather than two, must resolve similar discovery disputes.").

7.      Second, reassignment of the cases will not cause any delay because all of the lawsuits "were filed on the same day and all are at the same stage of litigation." *Palomares*, 2010 WL 4672295, at *3. The five lawsuits were all filed on October 17, 2012. To date, not all of the named defendants have been served. In each case, for those defendants that have been served, an answer or other responsive pleading is due on January 15, 2013. Discovery has not commenced in any of the cases.

8.      Third, the cases are susceptible to disposition in a single proceeding. This requirement is satisfied when "issues of both law and fact are the same in both cases." *Pactiv Corp. v. Multisorb Tech., Inc.*, No. 10 C 461, 2011 WL 686813, at *5 (N.D. Ill. Feb. 15, 2011).

The cases need not be completely identical to permit reassignment. *Id.* Instead, reassignment is proper when the actions "involve fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings." *Id.* Thus, in *BP Corporation of North America, Inc.*, the court held that two ERISA lawsuits filed by different plaintiffs against the same defendant were susceptible to disposition in a single proceeding because "the same core set of facts predominate[d]." 2009 WL 1684531, at *3. It made no difference that "nuances particular to each case" existed, that the claims were not identical, or that one suit was a class action while the other was not. *Id.*; *see also Freeman*, 2004 WL 1879045, at *2-3 (two lawsuits against mostly the same police officer defendants could be handled in a single proceeding even though some allegations of police misconduct were unique to each case and one suit had additional counts); *Palomares*, 2010 WL 4672295, at *3 (seven employment discrimination lawsuits filed by different plaintiffs against the same defendant could be resolved in "a single consistent proceeding").

9. Here, the wrongful conviction cases can be handled in a single proceeding because they stem from the same underlying occurrence, include the same basic allegations, and assert the same claims against the same defendants. Plaintiffs' allegations are not only consistent, but also *intertwined* in the sense that each plaintiff's complaint includes allegations about all the other plaintiffs and all the defendant officers (whom plaintiffs allege engaged in a "conspiracy" to frame them). Each case will involve substantially the same witnesses and evidence.

10. In these circumstances, the cases may be resolved by coordinated motion practice, a single trial, or a global settlement. Courts in this district have recognized that wrongful conviction cases stemming from the same underlying crime should be handled by one judge. In

*Hill v. City of Chicago* (another case involving Harden's counsel, Loevy & Loevy), Judge St. Eve found that two lawsuits in which the plaintiffs alleged that police misconduct resulted in their wrongful convictions for rape and murder could be handled in a single proceeding; she granted a motion to reassign based on relatedness. No. 06 C 6772, 2007 WL 1424211, at * 1 n.1 (N.D. Ill. May 20, 2007). Likewise, in *Wardell v. City of Chicago*, the court consolidated two lawsuits filed by men who alleged that they were wrongfully convicted of robbing and sexually assaulting two women. Nos. 98 C 8002, 99 C 1856, 2001 WL 849536, at *1 (N.D. Ill. Jul. 23, 2001).

11.     Once the other cases are reassigned to this Court, all five cases should be consolidated for pre-trial proceedings. Federal Rule of Civil Procedure 42(a) permits consolidation of actions involving "a common question of law or fact." "By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge." *Blair v. Equifax Check Serv.*, 181 F.3d 832, 839 (7th Cir. 1999). Thus, courts in this district routinely consolidate cases reassigned under LR 40.4. *See, e.g., Pochert*, 2011 WL 4007731, at *3; *Blocker v. City of Chicago*, No. 09-cv-7052, 2011 WL 1004137, at *2, 4 (N.D. Ill. Mar. 16, 2011); *Pactiv Corp.*, 2011 WL 686813, at *1, 5; *Palomares*, 2010 WL 4672295, at *2-3; *Ladenberger v. Nat'l Tech. Transfer, Inc.*, No. 99 C 5348, 2000 WL 1349247, at *2 (N.D. Ill. Sept. 19, 2000). Even where reassignment is not appropriate, the Executive Committee may assign a single judge to preside over coordinated pre-trial proceedings. *See* IOP 13(e); *Garner v. County Club Hills*, 11 C 5164, 2012 WL 1900020, at *3 (N.D. Ill. May 23, 2012); *Dicam, Inc. v. U.S. Cellular Corp.*, 07 C 5472, 2007 WL 2903059, at *1 (N.D. Ill. Sept. 28, 2007).

## Conclusion

12.     This Court should grant this motion and (1) find that *Harden*, *Taylor*, *Barr*, *Veal*, and *Sharp* are related and that reassignment should take place, and forward a copy of that finding to the Executive Committee together with a request that the Committee reassign the higher-numbered cases to this Court; and (2) consolidate all of the cases for purposes of pre-trial proceedings.  Reassignment and consolidation will conserve scarce judicial resources, reduce the parties' litigation costs, spare witnesses from having to testify at deposition up to five separate times, and eliminate the risk of inconsistent rulings in these cases.

Dated:  December 20, 2012

                                             Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois            */s/ Deborah M. Beltran*

                                     Deborah Morgan Beltran
                                     Michael T. Dierkes
                                     Marni M. Malowitz
                                     Laura M. Rawski
                                     Office of the Illinois Attorney General
                                     General Law Bureau
                                     100 West Randolph Street, 13th Floor
                                     Chicago, Illinois  60601
                                     (312) 814-3000

                                     Counsel for the ISP Defendants